UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
_____:23-CV-_____

| | | |
|---|---|---|
| LATONYA PATTERSON, | ) | |
| | ) | |
| Plaintiff, | ) | **COMPLAINT** |
| | ) | |
| v. | ) | (Jury Trial Demanded) |
| | ) | |
| WELLS FARGO & COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |

**NOW COMES** Plaintiff, LaTonya Patterson, by and through the undersigned counsel, and hereby submits his Complaint and Jury Demand against the above-named Defendant as follows:

## I. INTRODUCTION, JURISDICTION, AND VENUE

1. This is an action under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e *et seq.*, for employment discrimination on the basis of race and retaliation for engaging in protected activities against Defendant to correct unlawful employment practices and to provide appropriate relief.

2. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1332 as Plaintiff and Defendant are citizens of different states and Plaintiff's complaint involves a claim to recover damages in excess of $75,000.00.

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because the unlawful employment practices alleged herein were committed within the jurisdictional boundaries of the United States District Court for the District of North Carolina.

## II. PARTIES

4. Plaintiff adopts and reasserts the allegations contained in the above paragraphs as if fully set forth herein.

5. Plaintiff, a Black female, is a citizen and resident of Charlotte, North Carolina.

1

6. Defendant, Wells Fargo & Company, is a publicly traded financial services corporation headquartered in San Francisco, California, and organized under the laws of the State of Delaware with locations in almost every state in the United States, including North Carolina. The corporate headquarters address of Wells Fargo & Company is 420 Montgomery Street, San Francisco, California 94104.

7. Defendant can be served through its agent for service of process CSC Lawyers Incorporating Service, 2710 Gateway Oaks Drive, Suite 150N, Sacramento, California 95833.

## III. EXHAUSTION OF ADMINISTRATIVE PROCEDURES

8. Plaintiff adopts and asserts the allegations contained in the above paragraphs as if fully set forth herein.

9. Prior to the filing of this Complaint, Plaintiff filed a Charge of Discrimination (Charge No. 436-2023-00863) with the Equal Employment Opportunity Commission ("EEOC"), alleging race discrimination and retaliation in violation of Title VII of the Civil Rights of 1964, as amended. On April 7, 2023, the EEOC issued Plaintiff a Notice of Right to Sue.

10. This Complaint and Jury Demand are being filed within ninety (90) days of receiving the Notice of Right to Sue from the EEOC. Therefore, under 42 U.S.C. § 2000e-5(f)(1), Plaintiff has satisfied all procedural prerequisites for suing in federal court.

## IV. FACTS

11. Plaintiff adopts and asserts the allegations contained in the above paragraphs as if fully set forth herein.

12. On or around March 10, 2008, Plaintiff was hired by Defendant as a Customer Service Collection Rep.

13. Plaintiff performed satisfactorily throughout her tenure working for Defendant.

14. During Plaintiff's tenure with Defendant, she applied for various positions with aspirations to grow within the company.

15. In or around 2010, Plaintiff was promoted from Underwriter I to Underwriter III in Second Level Review Reporting to Lending Underwriting Manager Michael Hiott reporting to Mark Imm.

2

16. Despite Plaintiff's experience and excellent performance, Mark Imm, a white male, reached out to Plaintiff's new management team and advised that they terminate Plaintiff based on erroneous information.

17. Mr. Imm later became manager of Mediation, where Plaintiff had been promoted to Lending Officer Assistant Vice President in 2013, and fired Plaintiff's manager, a Black woman, and moved all of her subordinates to a team under a white manager, Ross Jensen.

18. Over the next several years, Plaintiff's white peers were continually promoted while Plaintiff was denied any promotions.

19. In or around July 2019, Plaintiff applied for the position in Testing Tools and Validation and was interviewed by Josh Foreman, a white male. During the interview, Mr. Foreman belittled and talked down to Plaintiff and stated he did not understand how she got the interview as Plaintiff did not have the skills or what he was looking for in an applicant. Plaintiff reported this behavior to Kathy Nettleton, a white female, and Wes Posey, a white male. Ultimately, Plaintiff was not selected for the position and a white male was hired.

20. The next month, Plaintiff was approached by Mr. Foreman to work the project for the same Testing Tools and Validation position for which she was not selected. The white male that was selected for the position was not familiar with the tasks and had no prior experience and was unable to train the team. Defendant had to get another individual to conduct the training virtually.

21. In or around November 2021, Plaintiff applied for and was denied the position of Lending Manager despite meeting the qualifications of the position. The two white hiring managers, Jeff Liggett and Carmen Bell, hired Nathan Greiving, a white male, despite the fact that he did not meet the minimum job qualifications. Mr. Greiving ended up being Plaintiff's direct manager.

22. Between April 2022 and October 2022, Plaintiff submitted various applications for internal job postings for which she was qualified.

23. When Plaintiff inquired about the status of some of her applications with Kirk Keeney, Recruiting Senior Manager, Plaintiff was told that Sha'mira Sampler, internal recruiter, had no intention of interviewing or screening Plaintiff for the positions.

24. During her tenure with Defendant, Plaintiff made various complaints about discrimination and process concerns that put the company at risk to several members of management, through Wells Fargo Internal Loudspeaker, and to the internal investigator Anita Ortega.

25. Plaintiff's concerns were never addressed.

26. When Plaintiff complained about the lack of promotions and discrimination, she was retaliated against by her manager, Mr. Greiving, by giving her required assessments to be completed within 48 hours where her white peers were given two (2) weeks to complete the assessments. Because Plaintiff was unable to complete the assessments timely, she was disciplined with coaching by management.

27. When Plaintiff asked for help with learning information in her position, Mr. Greiving repeatedly denied Plaintiff the opportunity to collaborate with her peers. Eventually, Mr. Greiving and Mr. Liggett assigned Michael Johnson, a white male, as Plaintiff's point of contact to assist her and Nicole Maggio, a white female, to complete Plaintiff's quality reviews.

28. Plaintiff started receiving errors from her reviews completed with Mr. Johnson.

29. Plaintiff also started receiving failed reviews from Nicole, her only quality reviewer, while Plaintiff's peers had random quality reviewers.

30. When Nicole acknowledged that she provided to Plaintiff incorrect training calculations and guidance on multiple occasions, Mr. Greiving and Mr. Liggett found no issue with this. Instead, Mr. Greiving, Mr. Liggett, and Ms. Bell decided that Plaintiff needed additional training.

31. After Plaintiff complained to Mr. Liggett and Ms. Bell about the minimal amount of time given for Plaintiff to complete the 12 assessments and having to be coached as a result, Mr. Liggett then stated that the coaching was for Plaintiff's lack of communication with her manager, Mr. Greiving despite Plaintiff's continual communication with her manager.

32. Plaintiff was also retaliated against by Ms. Bell and told she better tread lightly and choose her next steps carefully after complaining about discriminatory and disparate treatment.

33. Plaintiff suffered emotional distress as a result of the discriminate and disparate treatment she received.

4

34. On November 28, 2023, Plaintiff was forced to voluntarily terminate her employment with Defendant due to the continual lack of promotions, lack of tools and support to succeed in her position, ongoing bullying, and retaliation by management.

## V. CLAIMS FOR RELIEF

### FIRST CLAIM FOR RELIEF
### RACE DISCRIMINATION IN VIOLATION OF TITLE VII

35. The allegations contained in the foregoing paragraphs are incorporated by reference herein.

36. During Plaintiff's employment, Defendant engaged in unlawful discriminatory employment practices by discriminating against her with respect to the terms and conditions of her employment based on her race (Black) in comparison to other white employees.

37. The unlawful employment practices include, without limitation, disparate treatment and unwarranted discipline because of Plaintiff's race.

38. The effect of these practices deprived Plaintiff of equal employment opportunities and otherwise adversely affected his employment status because of her race.

39. These employment practices were intentional.

40. The unlawful employment practices were undertaken with malice or with reckless indifference to Plaintiff's federally protected rights.

### SECOND CLAIM FOR RELIEF
### RETALIATION FOR ENGAGING IN PROTECTED ACTIVITY UNDER TITLE VII

41. The allegations contained in the foregoing paragraphs are incorporated by reference herein.

42. Plaintiff had a good faith belief that the Defendant was engaged in discriminatory conduct in violation of Title VII.

43. Plaintiff engaged in protected opposition to Defendant's unlawful employment practices by complaining about the discrimination.

44. In retaliation for Plaintiff's opposition to what she reasonably believed to be Defendant's unlawful discrimination against her, Defendant imposed unwarranted discipline on the Plaintiff.

5

45. The effect of these practices deprived Plaintiff of equal employment opportunities and otherwise adversely affected her employment status because of her race.

46. The unlawful practices were intentional.

47. The unlawful employment practices were undertaken with malice or with reckless indifference to Plaintiff's federally protected rights.

## VI. DAMAGES

48. As a result of the discrimination complained of herein, Plaintiff has been deprived of her rights protected by Title VII.

49. By reason of Defendant's conduct and as a proximate result thereof, Plaintiff has suffered the loss of a career and has suffered emotional distress.

50. As a direct result of Defendant's actions, Plaintiff has suffered economic damages and emotional distress in an amount in excess of $10,000.00.

## VII. JURY TRIAL DEMANDED

51. Plaintiff hereby demands a trial by jury.

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff respectfully requests that the Court enter judgment in her favor and against the Defendant, and award the following relief, to the fullest extent allowed by law:

a. Back pay and related compensation, and front pay, in amounts to be determined at trial;

b. Compensatory and consequential damages, as allowed;

c. Emotional distress damages, as allowed;

d. Punitive damages, as allowed;

e. All reasonable costs and attorneys' fees incurred in connection with this action;

f. Trial by jury on all issues triable by a jury;

g. For other such relief to which the Plaintiff may be entitled given the allegations herein, and for any such other relief as the Court may deem just and proper.

**THIS** the 6th day of July 2023.

**WOODEN BOWERS, PLLC**


/s/ Walter L. Bowers, Jr.
Walter L. Bowers, Jr., Esq., NCSB No. 47590
10130 Mallard Creek Road, Suite 300
Charlotte, NC 28262
(p)  704-665-5838
(f)   704-973-9380
wbowers@wbvlaw.com
*Attorneys for Plaintiff*